UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| JENNIFER WESTERMEYER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 10-131-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY DEPARTMENT OF PUBLIC ADVOCACY, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of the Motion to Dismiss filed by Defendants Kentucky Department of Public Advocacy, Edward C. Monahan, Damon Preston, and John Delaney. Defendants Monahan, Preston and Delaney are sued in their individual and official capacities. [Record No. 5] Having reviewed the parties' arguments and the relevant authorities, the Court will grant the defendants' motion in part and deny it in part.

**I.**

Jennifer Westermeyer was employed by the Kentucky Department of Public Advocacy (DPA) in Covington, Kentucky from December 2003 until she was terminated on June 19, 2009. The DPA allegedly terminated Westermeyer because she violated DPA Policy 3.17, which prohibits attorneys employed by the DPA from negotiating employment with a prosecutor's office that handles opposing cases unless the DPA employee first notifies his or her supervisor. Westermeyer interviewed for a position with the Campbell County Commonwealth Attorney's Office; however she did not inform her supervisor and was subsequently terminated.

Westermeyer appealed her termination to the Commonwealth of Kentucky Personnel Board. The hearing officer found in Westermeyer's favor and ordered full reinstatement. However, on appeal, the Personnel Board overturned the hearing officer's decision. The Board found that Westermeyer violated DPA Policy 3.17, that her violation constituted lack of good behavior and unsatisfactory performance of duties, and that DPA Policy 3.17 was a lawfully adopted policy. The Board also found that Westermeyer's conduct warranted discipline, but that dismissal was excessive. Consequently, the Board imposed a thirty day suspension and a demotion upon her return. Additionally, the Board ordered the DPA to reinstate Westermeyer (after the suspension) and provide her back pay (excluding the period of suspension). According to Westermeyer, the Personnel Board decision is currently on appeal to the Franklin Circuit Court.

Westermeyer filed her Complaint in this action on June 18, 2010. Her allegations center on various instances of alleged harassment, discrimination, and retaliatory treatment occurring during her employment at the DPA. For example, Westermeyer alleges that she was discriminated against for wanting to become pregnant, exercising health benefits, and complaining about conditions of employment. Westermeyer also claims that she was denied reasonable accommodations for injuries resulting from a 2008 motorcycle accident.

## II.

Under Rule 12 of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff's factual allegations present plausible claims. *See Bowman v. United States*, 304 F. App'x 371, 374 (6th Cir. 2008). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009).

"Factual allegations contained in a complaint must raise a right to relief above the speculative level." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In other words, a plaintiff's arguments must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Heightened fact pleading of specifics is not required — only enough facts to state a claim to relief that is plausible on its face. *See Bassett*, 528 F.3d at 426. "Stated differently, a complaint should be dismissed under the Rule only if there is not law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief." *Young v. Whitley Cnty. Det. Ctr.*, No. 09-290, U.S. Dist. LEXIS 40811, at *7 (E.D. Ky. Apr. 22, 2010) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976)).

## III.

### A.     Identifying Westermeyer's Causes of Action

The first, and perhaps most difficult, task for the Court is identifying precisely what causes of action Westermeyer presents in her Complaint. She appears to assert only federal claims. Westermeyer alleges that jurisdiction is proper under 28 U.S.C. § 1331 (*i.e.*, federal question jurisdiction) and she does not plead supplemental jurisdiction of state law claims under 28 U.S.C. § 1367. Further, Westermeyer alleges that she was terminated for exercising "federally protected rights." [Record No. 1, ¶ 5] Therefore, as far as the Court can surmise, the plaintiff has only asserted claims that arise under federal law.

The conclusion that Westermeyer is only asserts federal claims is important because, while Kentucky recognizes a cause of action for wrongful discharge in violation of public policy, *see*

*Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985), there is no corresponding federal cause of action. *Kohrt v. Midamerican Energy Co.*, 364 F.3d 894, 901 (8th Cir. 2004) (" [T]here is no federal common law action for wrongful discharge in violation of public policy; any federal action would have to have a statutory basis."); *see also Andrews v. Louisville & Nashville R.R. Co.*, 406 U.S. 320, 324 (1972) ("[T]he very concept of 'wrongful discharge' implies some sort of statutory or contractual standard that modifies the traditional common-law rule that a contract of employment is terminable by either party at will."). The Court cannot consider bare allegations that Westermeyer was wrongfully terminated or that her termination was based on misinformation. *See Connick v. Myers*, 461 U.S. 138, 146–47 (1983) ("[O]rdinary dismissals from government service . . . are not subject to judicial review even if the reasons for the dismissal are alleged to be mistaken or unreasonable."). Therefore, Westermeyer's claims must be analyzed under the federal statutes pertaining to discrimination and employment.

The task of identifying *which* federal statutes to analyze is difficult, because Westermeyer chose not to identify claims in her Complaint. [*See* Record No. 1] Only one count – Count Seven – even cites a federal statute: the Americans with Disabilities Act (ADA). [*Id.*, p. 8 ("Defendant Delaney . . . den[ied] Plaintiff Mrs. Westermeyer any reasonable accommodation and expos[ed] her to unreasonable risks to her own health. Such unreasonable refusal on the part of Plaintiff's supervisor violates various provisions of the federal Americans with Disabilities Act.")] Prior to listing eight causes of action, though, Westermeyer also refers to § 1983 [*Id.* ¶ 1 ("Plaintiff's causes of action against the Defendants include, among other things, violations of her civil rights under 42 U.S.C. § 1983.")] and the Family Medical Leave Act (FMLA) [*Id.* ¶ 5 ("[S]he was terminated on 6/19/09 by the Kentucky DPA as an act of retaliation for . . . her use of the Family Medical Leave

Act.")]. Additionally, Count Five appears to allege that Westermeyer was discriminated against because she was trying to become pregnant. [*See id.*, pp. 6–7] Pregnancy discrimination claims fall under Title VII of the 1964 Civil Rights Act (Title VII). *See Spees v. James Marine, Inc.*, 617 F.3d 380, 389 (6th Cir. 2010) (explaining that the prohibition against employers discriminating "'[b]ecause of sex' as used in Title VII" includes a prohibition against discrimination "'because of or on the basis of pregnancy, childbirth, or related medical conditions'" (quoting 42 U.S.C. § 2000e(k))). In summary, while not specifically labeled, Westermeyer's eight causes of action appear to assert a blend of claims under § 1983, the ADA, the FMLA, and Title VII.

Likewise, it is not clear which individual or official defendants are allegedly liable under each claim. Therefore, the Court will analyze the Complaint as if it asserts claims under each of the remedial provisions — Section 1983, the ADA, the FMLA, and Title VII — against (1) the DPA and Monahan, Preston, and Delaney in their official capacities (collectively, the "Official Defendants") and (2) Monahan, Preston, and Delaney in their individual capacities (collectively, the "Individual Defendants").

   **B.**  **Eleventh Amendment Sovereign Immunity**

Westermeyer's § 1983, ADA, and FMLA claims against the Official Defendants are barred by the Eleventh Amendment. The Eleventh Amendment bars "all suits, whether for injunctive, declaratory, or monetary relief, against the state and its departments by . . . its own citizens." *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted). Eleventh Amendment immunity also extends to "suits for monetary relief against state officials sued in their official capacities." *Id.*; *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against

the state and is thus barred by the Eleventh Amendment, absent waiver." (internal citations omitted)). Here, neither side disputes that the DPA is a department of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. Ann. (KRS) § 31.010 (establishing "as an independent agency of state government . . . the Department for Public Advocacy"). The Eleventh Amendment, therefore, bars suits against the DPA and its officials unless an established exception applies. In this case, no exception is applicable.

First, Westermeyer has only requested monetary relief, so the *Ex Parte Young* exception does not apply. In *Ex Parte Young*, the Supreme Court held that the Eleventh Amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief. 209 U.S. 123 (1908); *see Thiokol Corp.*, 987 F.2d at 381. In this case, however, Westermeyer only seeks "compensatory, statutory, or punitive damages." [Record No. 1, ¶ 4] And in her prayer for relief, Westermeyer requests only "back pay, front pay, attorney's fees and compensatory and punitive damages." [*Id.*, p. 9]

Further, immunity has not been waived or abrogated for suits under § 1983, Title I of the ADA, or the self-care provisions of the FMLA. The Eleventh Amendment can be avoided under two circumstances: (1) where a state itself has waived immunity from federal suit; or (2) where Congress has abrogated the states' immunity through statute. *Thiokol Corp.*, 987 F.2d at 381. In this case, Westermeyer does not allege that Kentucky has waived its immunity. [*See* Record Nos. 1, 11] Moreover, Congress has not abrogated states' immunity for the types of claims Westermeyer asserts through § 1983, the ADA, and the FMLA.

The Sixth Circuit has plainly stated that "[t]he Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady*, 574

F.3d at 344 (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)); *see also Thiokol Corp.*, 987 F.2d at 383 ("Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing Section 1983."). "The Supreme Court has held that a state is not a 'person' who can be sued as that term is used in section 1983." *Thiokol Corp.*, 987 F.2d at 383. "These holdings apply also to claims against officials acting in their official capacities." *Id.* Because Congress did not abrogate states' immunity by enacting § 1983, Westermeyer's § 1983 claims against the Official Defendants are barred by the Eleventh Amendment and will be dismissed.

Likewise, Congress did not abrogate states' immunity from suits brought under Title I of the ADA. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) ("We hold that such suits are barred by the Eleventh Amendment."); *see also Dendinger v. Ohio*, 207 F. App'x 521, 528 ("The Eleventh Amendment does in fact bar suits against states by private individuals for money damages under Title I of the ADA." (citing *Garrett*, 531 U.S. at 363–74)). Westermeyer's allegations center on her employment with the DPA, and employment claims are governed by Title I of the ADA. *See* 42 U.S.C. § 12112(a). Because claims against the states under Title I are prohibited by sovereign immunity, Westermeyer's ADA claims against the Official Defendants are also barred and will be dismissed.

Next, the Court notes that Congress did not abrogate states' immunity from suits brought under the self-care provisions of the FMLA. *See Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 422 F.3d 392, 399–400 (6th Cir. 2005). Westermeyer's argument that the Eleventh Amendment does not bar FMLA claims [*see* Record No. 11, pp. 5–6] ignores the important distinction between the statutes' self-care and family-care provisions. *See Touvell*, 422 F.3d at 399. While the Supreme Court has held that Congress abrogated states' immunity under the

family-care leave provisions of FMLA, *see Nev. Dep't of Human Res. v. Hibbs*, 529 U.S. 721 (1972), the Sixth Circuit has expressly stated that "the Supreme Court's holding in *Hibbs* does not apply to the self-care provision of the FMLA, and that private suits for damages may not be brought against states for alleged violations of the Act arising from" violations of the self-care provisions. *Touvell*, 422 F.3d at 400. Westermeyer has only alleged violations of her rights under the self-care provision. She has not alleged any facts relating to leave for a spouse or family care. [*See* Record No. 1] Consequently, her FMLA claims against the Official Defendants are also barred by the Eleventh Amendment.

Westermeyer's one official-capacity claim that can survive an Eleventh Amendment challenge is her Title VII claim. "Congress acted validly under its Fourteenth Amendment Enforcement Clause powers to abrogate state sovereign immunity to Title VII claims." *Cox v. Shelby State Cmty. College*, 48 F. App'x 500, 504–05 (6th Cir. 2002) (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)). Because Kentucky's immunity has been validly abrogated by Title VII, Westermeyer's claims against the Official Defendants under this section are not barred by the Eleventh Amendment. In summary, Westermeyer's § 1983, ADA, and FMLA — but not Title VII — claims against the Official Defendants are barred by the Eleventh Amendment.

### C. Statutory Bars to Individual Liability

Westermeyer's ADA, Title VII, and FMLA claims against the Individual Defendants are also barred. Neither Title VII nor the ADA imposes liability on individuals, and the FMLA does not impose liability on individual public agency employees. Title VII and Title I of the ADA only impose restrictions on "employers." *See* 42 U.S.C. §§ 2000e-5(b), 2000e(b) (Title VII); 42 U.S.C. §§ 12112(a), 12111(5)(A) (ADA); *see also Wathen v. GE*, 115 F.3d 400, 405 (6th Cir. 1997) (noting

that "[t]he liability schemes under Title VII . . . and the ADA are essentially the same in aspects relevant to this issue; they limit liability to the employer"). The statutes limit the term "employer" to those people and entities engaged in an industry that affects interstate commerce and that have fifteen or more employees. 42 U.S.C. §§ 2000e(b), 12111(5)(A). Because individual employees do not generally meet this definition, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen*, 115 F.3d at 405. The same is true for the ADA. *See E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) (holding that "individuals who do not otherwise meet the statutory definition of 'employer' cannot be held liable under the ADA"); *Mayes v. City of Oak Park*, 285 F. App'x 261, 261 (6th Cir. 2008) (finding no error in the district court's conclusion that "because Title VII [and the] ADA . . . do not provide for individual liability, [the plaintiff] cannot assert these claims against the individual defendants"). Because neither Monahan, Preston, nor Delaney independently meets the statutory definition of "employer," Westermeyer's ADA and Title VII claims against the Individual Defendants will be dismissed.

Additionally, under *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), public agency employees cannot be held individually liable under the FMLA. *Id.* at 829 ("Our independent examination of the FMLA's text and structure reveals that the statute does not impose individual liability on public agency employers."). The *Mitchell* court explained that while the FMLA does impose individual liability, *see* 29 U.S.C. § 2611(4)(A), the statute "explicitly separates the individual liability provision and the public agency provision into two distinct clauses." 343 F.3d at 829. As a result, the Sixth Circuit concluded, "the FMLA's individual liability provision does not extend to public agencies." *Id.* at 832. Monahan, Preston, and Delaney are all employees of a public

agency. Therefore, Westermeyer's FMLA claims against the Individual Defendants cannot be maintained under *Mitchell* and will also be dismissed.

### D. Condition Precedent — Exhaustion of Administrative Remedies

Prior to filing a federal action for violation of either Title VII or the ADA, a would-be plaintiff must satisfy two prerequisites: (1) file timely charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC), and (2) receive and act upon the EEOC's statutory notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (procedures from § 2000e-5 apply to ADA claims); *see Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989) (Title VII requirements); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) ("An employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies."). A right-to-sue letter from the EEOC indicates to the Court that the plaintiff has exhausted her administrative remedies. *Parry*, 236 F.3d at 309. The failure to obtain a right-to-sue letter is not a jurisdictional defect, but it is a condition precedent. *Id.* (citing *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998)). Consequently, the plaintiff can cure a failure to meet the condition precedent after initiating suit. *See Portis v. Ohio*, 141 F.3d 632 (6th Cir. 1998).

Westermeyer does not indicate that she has filed a complaint with the EEOC or obtained a right-to-sue letter. Nor does she claim to have cured this defect since filing suit. The Defendants raised this issue in their brief. [*See* Record No. 5-1, pp. 21–22 ("In the present case, the Plaintiff failed to plead facts establishing that she exhausted her administrative remedies by filing her ADA claim with the EEOC within 300 days of the alleged discriminatory act, and obtaining a right-to-sue letter.")] Nevertheless, Westermeyer did not address the EEOC or a right-to-sue letter in her

response. [*See* Record No. 11] Instead, Westermeyer vaguely claims that she "is and was exhausting her administrative remedies when the statute of limitation[s] loomed and suit was filed to protect her litigation rights." [*Id.*, p. 4] However, that statement apparently relates to exhaustion of *state* administrative remedies, not the remedies for violation of *federal* law mandated by Title VII and the ADA. Because Westermeyer has failed to exhaust her federal administrative remedies in pursuit of her ADA and Title VII claims, those claims will be dismissed, without prejudice.

### E. Section 1983 Claims

Based on the foregoing analysis, the only claims remaining are Westermeyer's § 1983 claims against the Individual Defendants. Westermeyer makes a number of allegations in her Complaint, but does not cite any specific statutory or constitutional rights that were allegedly violated. *Cf. Meals v. City of Memphis*, 493 F.3d 720, 727 (6th Cir. 2007) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must present facts sufficient to show that the defendants . . . deprived him of a *specific* right or interest secured by the Constitution or laws of the United States." (emphasis added)). Some claims, however, appear to vaguely implicate federal rights. For instance, Westermeyer alleges that the defendants "reassigned Plaintiff into degrading work assignments as punishments for her complaints" (Count 1); "failed to follow their own policies" regarding termination (Count 2); "created a hostile work environment" (Count 4); punished another attorney who took time off for her pregnancy (Count 6); failed to provide reasonable accommodations for Westermeyer's health conditions (Count 7); and "retaliated" against her by filing "a baseless complaint with the Kentucky Bar Association" (Count 8). However, in examining the Complaint, the Court is unable to identify with any precision which federal statutory or constitutional rights, beyond those already analyzed, Westermeyer believes the individual defendants violated.

Consequently, the Court is unable to determine whether the Complaint sets out a prima facie case for a § 1983 claim, whether the right in question was "clearly established" for purposes of analyzing the Individual Defendants' qualified immunity, or when the violation of the right actually happened for purposes of analyzing the statute of limitations.

Thus, unless her claims are alleged with greater specificity, the Court cannot determine whether Westermeyer's § 1983 claims survive a 12(b)(6) challenge. However, because some of Westermeyer's claims vaguely implicate federal rights, outright dismissal, without analysis, would be inequitable. Therefore, the defendant's motion will be denied, without prejudice, regarding Westermeyer's § 1983 claims against the Individual Defendants. Westermeyer will be given fourteen days to amend her Complaint to identify the *specific* federal statutory or constitutional rights that she believes: (1) the individual defendants violated and (2) are actionable through § 1983.[1]

---

1       Westermeyer is advised that the FMLA, the ADA, and Title VII all provide comprehensive statutory remedial schemes which create the exclusive remedies for violations of those statutes. *See O'Hara v. Mt. Vernon Bd. of Educ.*, 16 F. Supp. 2d 868, 895 (S.D. Ohio 1998) ("This Court concludes that the enforcement scheme of the FMLA . . . provides the exclusive remedy for a violation of the Act."); *Cole v. Tabor*, 587 F. Supp. 2d 856, 863 (W.D. Tenn. 2008) ("Title VII and the ADA are independently actionable and have comprehensive remedial schemes. Violating them does not give rise to separate claims under § 1983."). In other words, § 1983 does not provide a remedy for violations of the FMLA, *see Diaz v. Mich. Dep't of Corr.*, 2010 U.S. Dist. LEXIS 134743, at *8–9 (W.D. Mich. Dec. 21, 2010) ("This Court agrees with the other district courts that have decided that the FMLA does not confer a right enforceable under § 1983."), the ADA, *see Porter v. Ellis*, 117 F. Supp. 2d 651, 652 (W.D. Mich. 2000) ("Even if Plaintiff had a colorable claim under the ADA, he could not use section 1983 as a conduit for that claim."), or Title VII, *see Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1205 (6th Cir. 1984) ("We conclude that Congress did not intend . . . violation[s of Title VII] to be the basis of a § 1983 claim.").

Further, in the employment-discrimination context, constitutional claims based on equal protection or the First Amendment can only succeed in limited circumstances. *See Connick v. Myers*, 461 U.S. 138, 147 (1983) ("[W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior."); *Damron v. Butler Cnty. Children's Servs.*, No. 1:08-257, 2009 U.S. Dist. LEXIS 121203, at *51–52 (S.D. Ohio Dec. 30, 2009) ("Equal protection claims based on

Upon the filing of an amended complaint, the Individual Defendants may file a renewed motion to dismiss, if they so desire.

**VI.**

In summary, Westermeyer's ADA, FMLA, and § 1983 claims against the Official Defendants are barred by the Eleventh Amendment. And neither Westermeyer's ADA, Title VII, nor FMLA claims can proceed against the Individual Defendants because the statutes do not impose individual liability. Further, Westermeyer's remaining Title VII claim against the Official Defendants will be dismissed, without prejudice, because the plaintiff has not exhausted her federal administrative remedies. Regarding Westermeyer's § 1983 claims against the Individual Defendants, the defendants' motion will be denied, without prejudice to being renewed after amendment of the complaint. This will allow Westermeyer the opportunity to identify with greater specificity the federal rights she claims the defendants violated. Accordingly, it is hereby

**ORDERED** as follows:

(1) The Defendants' Motion to Dismiss [Record No. 5] is **GRANTED**, in part. Plaintiff Jennifer Westermeyer's ADA, FMLA, and § 1983 claims against Defendants Kentucky Department of Public Advocacy and Edward Monahan, Damon Preston, and John Delaney in their official capacities are **DISMISSED**, with prejudice. Likewise, Plaintiff Westermeyer's ADA, FMLA, and Title VII claims against Defendants Edward Monahan, Damon Preston, and John Delaney in their individual capacities are **DISMISSED**, with prejudice. Plaintiff Westermeyer's Title VII claims

---

alleged employment discrimination are rare, though not unheard of, because employees typically opt to bring such claims under the relevant federal statutes adopted specifically to address such claims — in this case Title VII and the ADA.").

against Defendants Kentucky Department of Public Advocacy and Edward Monahan, Damon Preston, and John Delaney in their official capacities are **DISMISSED**, without prejudice.

(2) The Defendants' Motion to Dismiss [Record No. 5] is **DENIED**, without prejudice to being renewed at a later date, regarding Plaintiff Westermeyer's § 1983 claims against Defendants Edward Monahan, Damon Preston, and John Delaney in their individual capacities.

(3) Plaintiff Westermeyer is given fourteen calendar days from today's date to amend her Complaint and provide a more specific statement regarding her § 1983 claims against Defendants Edward Monahan, Damon Preston, and John Delaney in their individual capacities. Failure to meet this deadline will result in the remainder of the plaintiff's complaint being dismissed and stricken from the docket.

This 3rd day of March, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge