UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| JENNIFER WESTERMEYER,   )<br>   )<br>    Plaintiff,   )<br>   )<br> V.   )<br>   )<br> KENTUCKY DEPARTMENT OF   )<br> PUBLIC ADVOCACY, et al.,   )<br>   )<br>    Defendants.   )  | Civil Action No. 2: 10-131-DCR<br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

On March 3, 2011, the Court dismissed the majority of claims asserted in this action by Plaintiff Jennifer Westermeyer. [Record No. 25] Because, however, Westermeyer's Complaint did not identify any specific statutory or constitutional rights that were allegedly violated by the individually-named defendants, she was allowed to amend her pleading for the specific purpose of curing this defect.[1] Westermeyer was not given leave to assert new claims. Instead, as the Court's earlier opinion makes clear, the plaintiff was given fourteen days, "to amend her Complaint to identify the *specific* federal statutory or constitutional right that she believes: (1) the individual defendants violated and (2) are actionable through § 1983." [*Id.*]

---

[1] As noted in the Court's prior opinion, Westermeyer's original Complaint appeared to "vaguely implicate certain federal rights" in Counts 1, 2, 4, 6, 7 and 8.

Westermeyer tendered her Amended Complaint on March 16, 2011. However, rather than comply with the Court's prior directives, she reasserted the claims previously dismissed and asserted two additional claims as Count Nine and Count Ten. Through Count Nine, Westermeyer asserted that, at times relevant to this action, she was the victim of an unlawful conspiracy involving her immediate supervisor, John Delaney, and Delaney's supervisors, Daman Preston and Edward Mohahan. [*See* Record No. 28, ¶¶ 43-53.] Next, in Count Ten, Westermeyer contends that the individual defendants who allegedly engaged in the conspiracy described in the prior count created a hostile work environment by giving male attorneys in the office preferential treatment. [*See Id.*, ¶¶ 54-60.]

On April 4, 2011, Defendants Monahan, Preston and Delaney moved to dismiss Westermeyer's Amended Complaint because the Amended Complaint: (i) fails to comply with the Court's prior order which allowed only clarification concerning the basis of the claims asserted, and (ii) fails to state a claim on which relief may be granted. Westermeyer did not respond to this motion within the time permitted by Rule 7.1 of the Joint Local Rules for the Eastern and Western Districts of Kentucky. Accordingly, the Court has evaluated the defendants' motion to dismiss without the benefit of a response. Having considered the pending motion, the Court concludes that it is well-taken and will be granted.

**THE INDIVIDUAL DEFENDANT'S RENEWED MOTION TO DISMISS**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Supreme Court explained in *Iqbal* that,

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 12(b)(6). *Id.*

As this Court has previously noted, and as the defendants point out in their pending motion, to avoid dismissal, a claim under 42 U.S.C. § 1983 has two elements: (1) the defendants must be acting under color of state law, and (2) the offending conduct must deprive the plaintiff of a specific right secured by federal law. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008); *Meals v. City of Memphis*, 493 F.3d 720, 727 (6th Cir. 2007). Here, Westermeyer's new counts do not meet the second element necessary to establish a prima facie claim under § 1983. Instead, Westermeyer has failed to plead facts identifying any federal right violated by the individual defendants' conduct.[2]

## CONCLUSION

Having considered the new allegations contained in the plaintiff's Amended Complaint, it is hereby

---

2  To the extend that the plaintiff seeks to incorporate – and thereby revive – claims which have been previously dismissed, the Court will adopt it prior rationale in dismissing those claims.

**ORDERED** as follows:

1. To the extent that Plaintiff Jennifer Westermeyer seeks to incorporate claims into her Amended Complaint which were dismissed previously, those claims are again **DISMISSED**, with prejudice, for the reasons outline in this Court's Memorandum Opinion and Order dated March 3, 2011 [Record No. 25].

2. In accordance with Rule 12 of the Federal Rules of Civil Procedure, Counts Nine and Ten of Plaintiff Jennifer Westermeyer's Amended Complaint are **DISMISSED**, with prejudice, for failure to state a claim upon which relief may be granted.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket. A separate Judgment will be entered this date in accordance with this Memorandum Opinion and Order.

This 2nd day of May, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge